IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. TURNER, et al. | ) | CASE NO. 1:03 CV 471 |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| vs. | ) | |
| | ) | PLAINTIFFS' BRIEF IN REPLY TO |
| FRITO-LAY, INC. | ) | DEFENDANT'S BRIEF IN OPPOSITION |
| | ) | TO PLAINTIFFS' MOTION TO REMAND |
| Defendant. | ) | |
| _____ | ) | |

Now come the Plaintiffs William E. Turner, Bernard D. Shaffer and Michael Kennedy in reply to Defendant's Brief in Opposition to Plaintiffs' Motion to Remand and respectfully request that this Court remand the above-captioned matter to the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. §1447. Plaintiffs again assert that remand is proper because this Court lacks subject matter jurisdiction for reasons more fully set forth in the Brief in Reply attached hereto and incorporated herein.

Respectfully submitted,

/s/ Jason P. Parker

FAULKNER, MUSKOVITZ & PHILLIPS LLP, by
George H. Faulkner (0031582)
Joseph C. Hoffman, Jr. (0056060)
Jason P. Parker (0071302)
820 West Superior Avenue, Ninth Floor
Cleveland, Ohio 44113-1800
Telephone: (216) 781-3600
Facsimile: (216) 781-8839
Email: faulkner@fmplaw.com
Email: hoffman@fmplaw.com
Email: parker@fmplaw.com

Attorneys for Plaintiffs
WILLIAM E. TURNER, BERNARD D. SHAFFER &
MICHAEL KENNEDY

**BRIEF IN REPLY**

I. INTRODUCTION

Plaintiffs William E. Turner, Bernard D. Shaffer and Michael Kennedy (collectively "Plaintiffs") filed their Complaint in the Cuyahoga County Court of Common Pleas, on February 11, 2003. Plaintiffs' Complaint asserted a single state law claim for relief against Defendant Frito-Lay, Inc. ("Defendant"). Plaintiffs alleged that Defendant violated the Ohio Minimum Fair Wage Law, Ohio Revised Code ("O.R.C.") § 4111.01 *et seq.* by failing to pay Plaintiffs and other similarly situated employees overtime payments as required by the Ohio statute. Further, Plaintiffs maintained that they were part of a similarly situated class of employees, both union and non-union, and sought to assert their claim on behalf of all such similarly situated employees.

On or about March 7, 2003, Defendant removed the above captioned case to this Court, maintaining that (1) Plaintiffs' claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"); (2) Section 13(b)(1) of the FLSA provides Defendant with an affirmative defense; and (3) Plaintiffs' claim is pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. ("LMRA").

On April 4, 2003, Plaintiff filed their Motion to Remand this case to the Cuyahoga County Court of Common Pleas. In so doing, Plaintiff established that (1) they are entitled to choose a state forum by foregoing federal claims; (2) the Ohio Minimum Fair Wage Law's reference to the FLSA does not give rise to federal question jurisdiction; (3) Defendant's assertion of a federal affirmative defense does not give rise to federal question jurisdiction; and (4) Plaintiffs' claim is not pre-empted by the LMRA.

On April 17, 2003, Defendant filed its Brief In Opposition To Plaintiffs' Motion For Remand. Defendant did not contest Plaintiffs' first and third arguments but instead limited its grounds for removal to the incorporation of the FLSA into the Ohio Minimum Fair Wage Law and the doctrine of complete pre-emption pursuant to the LMRA. Plaintiffs now file this reply to Defendant's two remaining arguments.

II.  ARGUMENT

Defendant maintains that removal is proper based on both the FLSA and LMRA. Defendant first asserts that Plaintiffs' Ohio Minimum Fair Wage Law claim necessarily presents a federal question because O.R.C. §4111.03 incorporates a portion of the FLSA. Defendant's contention finds no support in the relevant case law. Rather, relevant case law clearly establishes that the incorporation of a federal statute into a state statute does not give rise to a federal question. Further, Defendant erroneously asserts that Plaintiffs' claim is pre-empted by the LMRA. Again, all relevant legal authority dictates otherwise.

A.  Doubts As To Subject Matter Jurisdiction Must Be Resolved In Favor Of Remand.

The law is well established and uncontested by Defendant that any doubt as to the subject matter jurisdiction of this Court must be resolved in favor of remand to the Cuyahoga County Court of Common Pleas. *Coyne v. American Tobacco Company*, 183 F.3d 488, 493 (6th Cir. 1999); *Breyman v. Pennsylvania, O. & D., R. Co.,* 38 F.2d 209, 212 (6th Cir. 1930); *Long v. Bando Manufacturing of American*, 201 F.3d 754 (6th Cir. 2000); *Harris v. Physicians Mutual Insurance Company,* 240 F.Supp.2d 715, 718 (N.D. Ohio 2003).

B. <u>Incorporation Of FLSA Standards Into The Ohio Minimum Fair Wage Law Does Not Give Rise To A Federal Question</u>.

In moving that this Court remand this case to the Cuyahoga County Court of Common Pleas, Plaintiffs argued that the Ohio Minimum Fair Wage Law does not give rise to a federal question that might establish federal subject matter jurisdiction and that Plaintiffs may choose to remain in state court by not asserting federal claims. Defendant does not refute or even attempt to refute Plaintiffs' contention that, as "master of their complaint" Plaintiffs are free to have their case heard in state court by "eschewing claims based on federal law." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002).

Rather, Defendant erroneously argues that the Ohio Minimum Fair Wage Law necessarily raises a federal question, giving rise to federal subject matter jurisdiction because the FLSA is referenced in the Ohio statute. Specifically, in its Brief in Opposition, Defendant goes to great lengths to attempt to distinguish *Portage County Board of Commission v. City of Akron,* 12 F.Supp.2d 693 (N.D. Ohio 1998) from the case currently pending before this Court. Defendant asks that this Court distinguish *Portage County Commissioners* based on the degree to which Defendant believes that the federal statute is incorporated into the state law. However, Defendant fails to provide any legal authority supporting its proposed distinction. In fact, the Seventh Circuit Court of Appeals has similarly found that the incorporation of a federal statute into state law does not raise a federal question. *Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235 (7th Cir. 1984).

In *Portage County Commissioners* the Plaintiff asserted seven (7) claims including an allegation of the violation of O.R.C. §1501.32. Defendant removed the matter to the federal

5

court arguing that a federal question was presented because O.R.C. §1501.32 incorporated by reference the Water Resources Development Act of 1996, 42 U.S.C. §1962d-20. Specifically, O.R.C. §1501.32 states in pertinent part:

> Before rendering a decision on the application, the Director shall consider the concerns, comments, and recommendations of the other great lakes states and provinces and the international joint commission, and, in accordance with Section 1109 of the "Water Resources Development Act of 1996." 100 Stat. 4230, 42 U.S.C.A 1962d-20, the Director shall not approve a permit application for any diversion to which that section pertains unless that diversion is approved by the Governor of each great lakes state as defined in Section 1109(c) of that act.

O.R.C. §1501.32(C).

The state provision at issue in *Portage County Commissioners* clearly and unequivocally incorporates a federal statute with all of its federal standards. The Court determined that the incorporation of the federal statute with all of its federal standards does not give rise to the federal question jurisdiction. Judge James Gwin, explained.

> Defendant City of Akron suggests Plaintiff Portage County's claim, specifically Count VII alleging violation of Ohio Revise Code §1501.32 (the "DNR permit claim,") requires construction of federal law. The City based this argument on the fact that Ohio Revised Code §1501.32(C) incorporates by reference requirements of the Water Resources Development Act of 1996. Defendant, City of Akron maintains that because the Resources Act is a "necessary element" of the Ohio statute underlying the Plaintiff's Portage County's state DNR permit claim, this case belongs in federal Court. The Court disagrees.

*Portage County Commissioners*, 12 F.Supp.2d, at 693. The Court, in *Portage County Commissioners*, held that the incorporation of a federal statute with all of its federal standards in a state law does not give rise to federal question jurisdiction. Defendant has gone to great lengths in an attempt to distinguish *Portage County Commissioners* from the matter now before this Court by suggesting that the Clean Water Act of 1996 is somehow less incorporated into O.R.C. §1501.32(C) than the FLSA is incorporated into O.R.C. §4111.03. However, Defendant's argument is not supported by the text of either state statute or other applicable law.

Defendant has failed to provide any legal authority to support such a distinction or even to establish that such a distinction is accurate.

The Seventh Circuit Court of Appeals has similarly held that the incorporation of a federal statute into a state statute did not give rise to a federal question. In *Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235 (7th Cir. 1984) the Court held:

> Buethe may have to prove that he had a federal duty not to fly a plane with inoperative items, which would put the Court in a position to decide issues of federal law. **The problem with this argument is that a claim does not arise under federal law merely because a state law incorporates federal law by reference.** See *Louisville & Nashville R.R. Co. v. Western Union Telegraph Co.*, 237 U.S. 300, 303, 35. S. Ct. 598, 599, 59 L.Ed. 956 (1915) (when foundation of right claimed is state law none the less that state law has attached condition that only federal law can fulfill); *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 249 (7th Cir. 1981) (state law incorporation of federal law does not allow state laws to be construed as essentially federal in nature.), cert denied. 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855.

*Buethe v. Britt Airlines, Inc.*, 749 S.2d at, 1239 (emphasis added).

Like the Northern District Court of Ohio in *Portage County Commissioners*, the Seventh Circuit Court of Appeals held that the incorporation of a federal statute into a state law does not create a federal question. Therefore, the incorporation of a portion of the FLSA in the Ohio Minimum Fair Wage Law does not create a federal question that will support subject matter jurisdiction for this Court. Because the FLSA does not provide this Court with subject matter jurisdiction the above-captioned matter must be remanded to the Cuyahoga County Court of Common Pleas.

C. The LMRA Does Not Pre-Empt Plaintiffs' State Law Claim.

Defendant's final argument in favor of removal is that the LMRA completely pre-empts Plaintiffs' state law claim. Defendant's argument erroneously suggests that the LMRA completely pre-empts Plaintiff's state law claim, and because the state law claim is completely

7

pre-empted by the federal statute, federal question jurisdiction is proper. However, Defendant's argument fails because the relevant authority clearly establishes that Plaintiffs' claim is not pre-empted by the LMRA. Consequently, removal is inappropriate and this case must be remanded to the Cuyahoga County Court of Common Pleas.

In an effort to establish that the LMRA pre-empts Plaintiffs' claim, Defendant erroneously argues that the Court must necessarily apply the wage provision of several CBA's in order to fully adjudicate Plaintiff's claim. However, the Supreme Court has held that application of the wage provision of a collective bargaining agreement does not establish pre-emption pursuant to the LMRA. Specifically, in *Livadas v. Bradshaw*, 512 U.S. 107 (1994) the Court observed:

> In *Lueck* and in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), we underscored the point that §301 cannot be read broadly to pre-empt non-negotiable rights conferred on individual employees as a matter of law, and we stressed that it is the legal character of a claim, as "independent" of rights under the collective bargaining agreement, *Lueck*, Supra, 471 U.S. at 213, 105 S.Ct., at 1912 (and not whether a grievance arising from "precisely the same set of facts" could be pursued, *Lingle*, Supra, 486 U.S., at 410, 108 S.Ct., at 1883) that decides whether a state cause of action may go forward. Finally, we were clear that when **the meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state law litigation plainly does not require the claim to be extinguished**.

*Livadas v. Bradshaw*, 512 U.S. at 123-124 (emphasis added).

Further, in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, (1988) the Court observed:

> A collective bargaining agreement may of course, contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-lawsuit is entitled. See *Baldracchi v. Pratt & Whitney Aircraft D.V., United Technologies Corp.,* 814 F.2d, at 106. Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state law claim not otherwise pre-empted, would stand. Thus, as a general proposition, a state-law

8

claim may depend for its resolution upon both the interpretation of a collective bargaining agreement and a separate state-law analysis that does not turn on the agreement. **In such a case federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted.**

*Lingle*, 486, U.S. at 413-14 (emphasis added).

The claim before this Court is a claim for the alleged violation of a state statute. The rights that Plaintiffs seek to vindicate are created by state law and not any collective bargaining agreement. See, *Barrentine v. Arkansas-Best Freight System.,* 450 U.S. 128, at 745, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Livadas v. Bradshaw*, 512 U.S. 107. In fact, it must also be stressed that Plaintiffs' action covers **non-union personnel** as well who are **not** covered by a collective bargaining agreement. Even if a collective bargaining agreement must be consulted, as in *Livadas,* in order to determine Plaintiffs' wage rate, Plaintiffs' cause of action remains a state law claim to be heard in state court. Therefore, Plaintiffs' state law claim is not pre-empted by the LMRA. To hold otherwise would be to completely invalidate the Ohio Minimum Fair Wage Law as it applies to unionized employees. Such a holding would clearly violate *Livadas* and other prevailing law. Because Defendant's LMRA pre-emption argument fails as a matter of law, this matter must be remanded to the Cuyahoga County Court of Common Pleas.

III.  CONCLUSION

For all of the foregoing reasons Plaintiffs' move this Court to remand this matter to the Cuyahoga County Court of Common Pleas.

Respectfully submitted,

FAULKNER, MUSKOVITZ & PHILLIPS LLP, by

/s/ Jason P. Parker
George H. Faulkner (0031582)
Joseph C. Hoffman, Jr. (0056060)
Jason P. Parker (0071302)
820 West Superior Avenue, Ninth Floor
Cleveland, Ohio 44113-1800
Telephone:	(216) 781-3600
Facsimile:	(216) 781-8839
Email:	faulkner@fmplaw.com
Email:	hoffman@fmplaw.com
Email:	parker@fmplaw.com

Attorneys for Plaintiffs
WILLIAM E. TURNER, BERNARD D. SHAFFER &
MICHAEL KENNEDY

## CERTIFICATE OF SERVICE

I do hereby certify that on May 5, 2003, a copy of the foregoing PLAINTIFFS' BRIEF IN REPLY was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jason P. Parker
George H. Faulkner
Joseph C. Hoffman, Jr.
Jason P. Parker